By the Court.
We find that the petition for the improvement of the Newark and Zanesville road, extending eastwardly from the city of Newark to the east county line of Licking county, and passing through the incorporated village of Hanover, was in due form, and the proceedings were in all essential respects regular.
The words “by the way of Hanover” that appear in the petition may fairly be considered as a description of the route rather than as a requirement that the commissioners improve the road through the village of Hanover, as to which they were without authority.
The questions of consequence are, first, as to the assessments on real estate on the north side of said Newark and Zanesville road, and, second, as to the assessments upon the south side of said Newark and Zanesville road. Exemption is claimed for certain property on the north side of said road by reason of the fact that immediately abutting said road on the north, for a considerable distance, is a certain electric railway. The evidence, however, discloses that said railway has only a right of way, while the fee thereof is in Bolin.
We hold that as to such lands Bolin is an abutting owner within the contemplation of the statute and subject to the assessment heretofore found; and in so far the judgment of the court of appeals is reversed.
*119 As to the lands upon the south side of said improved road, there is intervening between said Bolin lands and the improved roadway the Ohio canal, occupying a strip of land some fifty or sixty feet in width, paralleling the improved road.
It is urged that the canal lands as to use and occupation are substantially abandoned by the state of Ohio, and that said Bolin is using, occupying and tilling the same, to all intents and purposes, as if his own lands.
It is admitted, however, that the fee in .these lands is in the state; and whatever use may be. made of them by said Bolin is only by sufferance of the state, the latter having the right to retake full possession at any time and dispose of the same as it may see fit.
In this view of the case, the Bolin lands, so far as they are cut off from the highway by the Ohio canal, are not abutting lands within the contemplation of the statute, and as to this finding of the court of appeals the same is affirmed.

Judgment modified, and affirmed as modified.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.